LONDON ASSURANCE CORPORATION *v.* J. J. COWAN.

INSURANCE. *Suit for premiums paid. Agency. Re-insurance.*

> Where an insurance company, having insured a customer's cotton, instructs him to insure the same at its expense in other companies, in his own name, and he does so, but takes policies which provide that they shall not apply to cotton covered by other insurance, this amounts to no insurance, and the first insurer is not liable for the premiums paid by insured therefor.

FROM the circuit court of Warren county.

HON. JOHN D. GILLAND, Judge.

Appellant is a marine insurance company, with its principal place of business in this country in the city of New York. Appellee, Cowan, is a cotton broker at Vicksburg, Miss. He had an open policy of insurance issued by appellant, covering the cotton he had in his business during the season of 1890–91. This policy authorized subsequent insurance, and provided for contribution in case of loss. In November, 1890, appellant, for its own protection, sent him the following telegram: "Please insure $50,000 on cotton in presses against fire, in your name, and charge expenses to our account." No other directions were given. Cowan undertook to comply with the request, and procured policies on the cotton to the amount named, for which he paid premiums amounting to $1,199.50, and charged the same to appellant. In each of the policies so obtained was a clause providing that the policy "shall not apply to or cover any cotton which may, at the time of loss, be covered, in whole or in part, or under the protection of any river or marine insurance, or policy of any marine company." But this clause in the policies was not observed by Cowan. In the latter part of April, 1891, after a settlement between him and appellant, in which he had been credited with the premiums paid, the

clause was discovered by appellant, when it notified him that, by reason of said provision in the policies, there had been no insurance thereunder, and demanded payment of the amount for which he had been credited on account of premiums. Cowan refusing to pay, appellant brought this suit to recover the amount. Defendant pleaded the general issue, and gave notice that plaintiff was negligent in not giving specific directions as to the terms and conditions of the insurance; that, as was known to plaintiff, he possessed no special knowledge of insurance, and was engaged in another business; that his services in procuring the insurance for plaintiff were gratuitous; that he obeyed instructions and obtained policies from reliable companies, and that plaintiff was negligent in failing to give proper instructions.

A trial was had, in which the facts above stated, substantially, were shown, also that no loss occurred. The court refused a peremptory instruction for plaintiff, and instructed peremptorily for defendant. Judgment accordingly. Plaintiff appeals.

*Booth & Anderson,* for appellant.

As was known to Cowan, it was necessary for appellant's protection that the additional policies should be valid; otherwise appellant could not enforce contribution. Richards on Ins., § 138; 63 N. Y., 77; 93 U. S., 527.

The provision in the policies taken out by Cowan, to the effect that they would not apply to cotton covered by other insurance, was valid. Richards on Ins., § 138; 86 N. Y., 414; 40 Am. R., 554.

It is immaterial that Cowan acted gratuitously. Ewell's Evan's on Agency, 525; Story on Bailments, §§ 171, 172; 2 Parsons on Con., 92; Edwards on Bailments, §§ 46, 77, 78, 102; 3 Mason, 132. He was bound to use due diligence. 1 Sneed (Tenn.), 248.

One gratuitously undertaking to procure insurance is liable for loss occasioned by his negligence. Flanders on Ins., p.

179; 1 May on Ins., p. 217; 1 Esp., 75; 6 Binn, 308; *Coggs* v. *Bernard,* 1 Smith's Lead. Cas., 346; *Burrill* v. *Phillips,* 1 Am. Lead. Cas., 826.

If, without holding plaintiff's policy, defendant had paid premiums to procure insurance for plaintiff, he could not have recovered for the same. 2 Sedgwick on Dam., p. 574; *Storer* v. *Eaton,* 50 Maine, 219, s.c. 70 Am. Dec., 611.

The policies procured by defendant afforded plaintiff no protection, and it is not liable for the premiums.

Defendant's neglect would not have afforded plaintiff any defense on its policy if there had been a loss, for that policy was in all respects valid and binding. The remedy against him for the negligence would have been in tort. 1 Am. Lead. Cas., 854; 2 Sedg. on Dam., § 817; 2 Duer on Ins., p. 205. See also 52 N. Y., 312; 83 *Ib.,* 601; 109 *Ib.,* 215; 34 Fed. Rep., 382.

*Dabney & McCabe,* for appellee.

There was no loss. Consequently, plaintiff was not damaged. Where an agent is liable for negligence, the measure of his liability is the real loss sustained. Story's Agency, §§ 200, 218, 222, 236; Sedg. on Dam., p. 386.

When an agent to procure insurance takes out defective policies, he is liable only for the actual loss sustained by the principal. 4 Wait's Ac. & Def., p. 28; 1 May on Ins., § 124; Sedg. Meas. Dam., p. 375 *et seq.;* 3 Sutherland on Dam., p. 4; *Strong* v. *High,* 38 Am. Dec., 195; 4 Campbell, 150; Story's Agency, §§ 218, 219.

The policies obtained by Cowan were, at most, only voidable, not void.

The liability of an agent for gratuitous services differs from others, in that. he is only responsible to the extent· of the skill which he professes to have. Ewell's Agency, p. 327 *et seq.;* 51 N. H., 40; 12 Am. R., 41. On this point, see the opinion of this court in *Mangum* v. *Ball,* 43 Miss., 288.

Plaintiff, being skilled in matters of insurance, should

have used more caution. Defendant knew little or nothing of these matters. It was known that he was not an expert. He obeyed instructions literally, and it was incumbent on plaintiff to give him specific instructions, especially as the additional insurance was for its benefit.

The case of *Storer* v. *Eaton*, relied on by opposite counsel, is not in point. There an agent neglecting his duty, sued for the premium he ought to have paid, on the ground that he would have been liable if a loss had occurred. Here defendant was the real sufferer from the failure to get good policies. If the cotton had been burned, he might have been bankrupted because of his liability for failure to obtain valid insurance.

COOPER, J., delivered the opinion of the court.

This is a hard case, and we regret that, under the law, the defendant cannot be relieved. It is well settled by authority that the appellee would have been liable to the appellant as insurer if there had been a loss of the property he had assumed the duty of insuring,·if he was guilty of neglect in not procuring valid insurance. But this liability on his part would have sprung, not from contract, but from tort. And though, in admeasuring the damages, the amount of premium which the appellant would have paid for the insurance, if the same had been insured, would have been deducted from the value of the property lost, this would have been done only to find the true loss, and not because of the appellee's right to such sum as a premium. The radical and insuperable difficulty in appellee's defense is that his right to charge against appellant the premiums must rest upon the fact that he secured insurance according to the directions of appellant. We are unable to distinguish this case from that of *Storer* v. *Eaton*, 50 Maine, 219, the reasoning in which meets our approval. If the appellee could not have recovered the premiums he paid in an action against the appellant, we can perceive no principle upon which he can

reach that end by charging up the premiums in a current account.

<em>The judgment is reversed.</em>

*Dabney & McCabe*, for appellee,

Filed a lengthy suggestion of error, discussing the law and evidence, and, among other things, contending that, if a loss had occurred, and appellant had been sued on its policy, it could have successfully defended on the ground of appellee's negligence in failing to procure valid insurance as instructed. Therefore, it was urged that appellee, and not appellant, was all the time carrying the risk after the direction to re-insure, and that there was no consideration for appellee's becoming liable to appellant for the premiums. If there had been a loss of less than $50,000 after the new arrangement, appellee would have been absolutely without remedy.

CAMPBELL, C. J., delivered the following response to the suggestion of error:

It is not true, as stated by the argument in support of the suggestion in this case, that "the court is impatient at the sight of one," and there is nothing in the action of the court in dealing with them to justify such a notion. It is true that rarely has a suggestion of error availed any thing, except to show the indisputable correctness of the decision assailed; and the reason is plainly because the court, having had the benefit of argument by learned counsel engaged in the case, and the three judges having considered and discussed the case afterwards in the consultation room, in all its aspects, as presented by counsel and as may occur to either of them, know more of the case than the counsel do, and have the great advantage of perfect impartiality in their investigation, with the sole desire to reach the truth. This case is a fair illustration. It is a very plain case when analyzed, and yet the zeal and ingenuity of learned counsel have completely deceived them, and, by considering *what might have been*, and what would, in that contingency, be the legal result, have convinced themselves that the like result should follow now.

We dealt with the case actually existing and presented by the record, which is simply this: Cowan, with perfect honesty, but carelessly and negligently, supposing he was entitled to do so, withheld from the corporation money he had no legal right to retain, and, when this discovery was made, he was called on to pay, and, refusing, was sued. That he could not recover his unwarranted disbursements if he were plaintiff, is clear, and there is no escape from that test in determining the validity of his defense. And that is the whole case, and we do not concern ourselves with what might be the law in a different state of case.

*The decision will stand as made.*